Green, J.
delivered the opinion of the court.
It appears from the record in this case, that in 1837, the complainant filed' her bill against the defendant, B. P. Persons, for a divorce; that pending said bill, the Chancellor made an order on the defendant, that he pay twenty dollars per month for the support of the complainant, who was living separately from him; but that said sum was not paid until the March term, 1839, of the court; when the court decreed that the defendant pay five hundred and twenty dollars to Willie B. Johnson, “as attorney in fact,” for the separate use and maintainance of the complainant up to that time, it being the amount then due her after deducting twenty dollars theretofore paid.
At the same term of the court a decree was made, dissolving the bonds of matrimony between the parties, from which decree the defendant appealed to the Supreme Court.
In the Supreme Court the decree of the Chancellor was reversed, and the bill of the complainant dismissed.
The defendant Johnson failed to collect the sum decreed to the complainant, but he took a note from the defendant B. P. Persons on Vance & Dick, and executed a receipt for the money due by the decree. The note so taken proved to be worthless, so that the complainant has'never received the said sum.
The complainant still lives separate from the defendant B. P. Persons, and now brings this bill, by her next friend, to recover from the said B. P. Persons or W. B. Johnson, or both of them, the money so decreed to her.
With every disposition to afford the complainant relief, for *184 lorn and wretched as her condition has become, we cannot perceive any legal ground upon which it can be done. She is still the wife of B. P. Persons, and any property or money she may have belongs to him. Should she recover the sum she-now seeks, the money so recovered would belong to her husband. And if she has a right to this five hundred dollars from Johnson, her husband may reduce it to his possession, and it becomes his own.
It is impossible, we think, to avoid the force of these propositions, and they present insuperable objections to the complainant’s bill for relief.
It was suggested by counsel in argument, that the decree in this case settles the $520 upon the complainant, for her separate use and maintenance, and that on the ground that it is a separate estate, she has a right to maintain a suit for its recovery.
The Chancellor had no power to vest in her a portion of the defendant’s property for her separate use, except as a consequence of a divorce from bed and board, orasameans of support during the pendency of the suit. In this case the sum decreed was for her support pending the suit. It was the sum that had accumulated by reason of the non payment of the twenty dollars per month that had been ordered, and consequently when the suit was determined, there was no longer any ground for a separate maintenance.
When the decree for divorce was reversed in the Supreme Court, it became the privilege and duty of the complainant to return to her husband. Should he refuse to receive her, or treat her amiss, it would constitute a subtantive ground for alimony.
Dismiss the bill.